Littleton, Judge,
delivered the opinion of the court.
Plaintiffs brought this suit to recover $29,261.78 alleged to be due them for their compliance during 1937 with defendant’s Agricultural Conservation Program under the Soil Conservation and Domestic Allotment Act of February 29, 1936 (U. S. Code, Tit. 16, secs. 590a to 590q).
The essential facts alleged in the petition are as follows:
In the spring of 1937 Lee Wilson and Company was notified in writing by the Secretary of Agriculture of the number of acres of cotton which it would be permitted to plant on its various so-called farms in 1937. Under the rules and regulations of the Department of Agriculture Lee Wilson and Company signified its acceptance of the action of the Secretary of Agriculture and of the base acreage allotments made by him upon the understanding and representation contained in the laws and the regulations to the effect that it would be compensated therefor.
That, as the result of the action of the Secretary, the cotton acreage allotted to Lee Wilson and Company on the three farms operated by it in 1937 was as follows:

Base acres

Farm Farm number allotted

Wilson_ 71-047-1681 8,192
Victoria_ 71-047-1706 2,180
Armorel_ 17-080-2937 2, 699
Total base cotton acreage allotment_13,071
The total acreage planted to cotton on these farms was:
Wilson- 6,699.1 acres
Victoria_ 1, 435.8 aeries
Armorel_ 2,279.3 acres
Total acres planted-10,414.2
That in the operation of the farms in 1937, Lee Wilson and Company complied with the law and all the regulations of the Secretary regarding the conservation program. In due time the agents of the Secretary checked the farms so operated to ascertain whether there had been complete compliance with the program for 1937. Upon finding such compliance, the agents then prepared applications for payment *758 on a form prepared by the Secretary and presented them to Lee Wilson and Company to sign in order for it to receive its payment. Lee Wilson and Company signed the applications and filed them with the agents of the Secretary for Mississippi County, Arkansas, prior to January 15, 1938.
The applications were transmitted by the county agents to the State Administrative Office at Little Rock, Arkansas, which office determined the amounts due on such applications as follows:
Wilson_$10,407. 63
Victoria_ 11, 886.50
Armorel_ 6,967. 65
Total_ 29, 261.78
That the aforesaid acts of the Secretary of Agriculture and his agents and Lee Wilson and Company constituted an agreement in fact between the parties hereto, under the law and the authority reposed in the Secretary of Agriculture, resulting in a consideration and payment due Lee Wilson and Company in the amount of $29,261.78.
In addition to and without waiving any defense under its general traverse to the petition, defendant filed a counterclaim against plaintiffs for $590.64, with interest, on the ground that plaintiffs through one of their operating branches, or an agency, misled and deceived the Secretary of Agriculture and thereby received through this agency, on February 10,1938, $590.64, to which it was not entitled under the law and the regulations made pursuant thereto.
The facts alleged in the counterclaim are in substance as follows:
Pursuant to the act of February 29,1936, the Secretary of Agriculture, on December 31,1936, promulgated administrative regulations entitled “1937 Agricultural Conservation Program — Southern Region Bulletin 101,” and thereafter from time to time promulgated amendments and supplements thereto, which regulations as so amended and supplemented are codified in “1937 Agricultural Conservation Program— Southern Region Bulletin 101, as Amended”, issued September 1,1937. These regulations provided that grants would be made, in connection with the effectuation of the purposes of *759 the act, in accordance with the provisions of such regulations and such modifications or other provisions as might thereafter be made; that payments would be made for each acre diverted in 1937 from the cotton soil-depleting base at the rate of five cents for each pound of the normal per acre cotton yield as adjusted for a farm; that the cotton base would be the acreage established for a farm as that normally used thereon for the production of cotton; and that no person should be entitled to receive or retain any part of any payment if he adopted any practice which the Secretary should determine might tend to defeat any of the purposes of the 1937 program, or if such person offset, or through any scheme or device, such as operating by or through, or participating in the operation of a firm, partnership, association, corporation, estate or trust, participated in offsetting or benefited, or was in a position to benefit by such offsetting, the performance rendered in respect of which a payment would otherwise be made.
That plaintiffs, in order to defeat the purposes of this program as applied to the lands owned by them in Mississippi County, Arkansas, and still obtain maximum grants from defendant under such program, adopted and carried out a scheme to offset their performance with respect to the lands which they operated directly by leasing to tenants under plaintiffs’ control and direction (at least one of whom actually farmed as an agent and employee of plaintiffs rather than as a 'bona fide tenant) in 1937 certain lands owned by plaintiffs in Mississippi County, Arkansas, which were entitled to receive comparatively small cotton bases, so that such tenants would (and they actually did) plant on the lands leased to them cotton acreages greatly in excess of the cotton bases; whereas on that part of the lands owned by plaintiffs and directly operated by them, which was entitled to receive comparatively large cotton bases, large acreages were diverted from the cotton bases. Plaintiffs permitted and encouraged their tenants to plant cotton on lands owned and operated or controlled by plaintiffs greatly in excess of the cotton bases established for such lands and thereby adopted a practice which tended to defeat the purposes of the 1937 program *760 and which resulted in offsetting plaintiffs’ performance on the lands operated directly by plaintiffs. That one of the agencies used by plaintiffs in order to carry out this scheme was called the Keiser Supply Company, which was in fact merely an operating branch or agency of plaintiffs. In order to obtain a grant under the program, the Keiser Supply Company executed and filed with defendant an Application for Payment (Form Sr-109) dated November 27,1937, covering lands in Mississippi County, Arkansas, owned by plaintiffs. On February 10, 1938, defendant paid to the Keiser Supply Company $590.64 as a grant for participating in the 1937 Agricultural Conservation Program, which sum inured to the benefit of plaintiffs; that this grant was paid by defendant under a mistake and without knowledge of the scheme which plaintiffs had entered into and carried out to defeat the purposes of said program by offsetting plaintiffs’ own performance by the overplanting by plaintiffs’ tenants and agents.
That on April 9, 1941, the Acting Secretary of Agriculture, after an investigation, made a determination pursuant to the act of February 29, 1936, that since the total acreage of cotton grown on the lands owned, operated or controlled by plaintiffs in 1937 exceeded the total cotton bases established for those lands, plaintiffs were not entitled to any grant under the 1937 program and that the grant of $590.64 which had been mistakenly and erroneously paid to the Keiser Supply Company should be returned to defendant by the Keiser Supply Company or plaintiffs.
Plaintiffs have failed and refused to return this grant of $590.64 to defendant.
Plaintiffs contend in support of their demurrer to the counterclaim that it is without substance because there are no facts alleged to support it and that it is insufficient in law because it does not state a cause of action against plaintiffs.
We think the demurrer is not well taken. The counterclaim sets forth sufficient facts to constitute a cause of action against plaintiffs under the law and the regulations promulgated thereunder. The scheme alleged to have been adopted by plaintiffs for the purpose of defeating the program set forth in the regulations to their own advantage is described, *761 and tbe findings and determination of tbe Secretary are detailed. Plaintiffs accepted tbe base acreage allotments made by the Secretary for 1937, and became bound by such allotments and by tbe regulations relating thereto. Tbe counterclaim alleges and sets forth tbe scheme which tbe Secretary found plaintiffs had adopted and carried out in order to defeat tbe purposes of the 1937 program, as applied to the lands owned by them and, at the same time, to obtain maximum grants from defendant under such program. If these allegations are true, and they are admitted for the purpose of the demurrer, the defendant is entitled to recover under its counterclaim. The Secretary was authorized to make, the findings and determination of April 9,1941, as alleged in the counterclaim. The Secretary of Agriculture issued regulations, under authority of the Soil Conservation Act, which set forth the basis on which payments would be made to producers who complied with the 1937 Agricultural Conservation Program and which provided that such payments would be made in proportion to the reduction in cotton grown in 1937 below a farm’s “cotton base”; i. e., its normal cotton acreage.
Sec. 19 of these regulations provided as follows:
Payments Restricted to Effectuation of Purposes of the Program. — No person shall be entitled to receive or retain any part of any payment if such person has adopted any practice which the Secretary determines tends to defeat any of the purposes of the 1937 program, or if such person has offset, or through any scheme or device whatsoever, such as but not limited to operating by or through or participating in the operation of a firm, partnership, association, corporation, estate, or trust, has participated in offsetting, or has benefited or is in position to benefit by such offsetting, in whole or in part, the performance rendered in respect of which such payment would otherwise be made.
The act of February 29, 1936, provides that the Secretary of Agriculture shall have power to carry out the purposes of the act by making grants to farmers in amounts, which he shall determine to be fair and reasonable in connection with the effectuation of such purposes, and that the facts constituting the basis for any such grant, when officially de *762 termined in accordance with departmental regulations, “shall be reviewable only by the Secretary of Agriculture.”
The demurrer to the counterclaim is overruled. It is so ordered.
Whitaker, Judge; and Whaley, Chief Justice, concur.
Madden, Judge; and Jokes, Judge, took no part in the decision of this case.